IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROBERT A. DAVIDOW and HOWARD MARKS, | § § § No. 464, 2024 § § § Court Below—Court of Chancery § of the State of Delaware § § C.A. No. 2019-0150 § § § § § § |
|       Plaintiffs Below, Appellants, | |
|       v. | |
| DOV SEIDMAN, LEE FELDMAN, and MATS LEDERHAUSEN, | |
|       Defendants Below, Appellees. | |

Submitted: November 12, 2024
Decided: December 19, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the supplemental notice, and the exhibits attached thereto, it appears to the Court that:

(1) This interlocutory appeal arises from complications in consummation of a class action settlement. In 2019, Robert A. Davidow, a stockholder of LRN Corporation, filed a class action complaint alleging breaches of fiduciary duty by LRN directors Dov Seidman, Lee Feldman, and Mats Lederhausen ("the Defendants") in connection with a 2017 tender offer. Another LRN stockholder, Howard Marks, intervened in 2020. After mediation in May 2022, the parties executed a settlement term sheet in November 2022 and filed a settlement stipulation

in May 2023. At the September 7, 2023 settlement hearing, the Court of Chancery ruled that Davidow and Marks ("the Original Plaintiffs") were inadequate class representatives because Davidow had engaged in spoliation of evidence and Marks had published false pleadings and then used his representative status to negotiate the release of a personal defamation action filed against him ("the Adequacy Ruling").

(2) On September 13, 2023, the Original Plaintiffs moved for enlargement of the time to file an application for certification of an interlocutory appeal while they evaluated whether a new class member could become a class representative. The court enlarged the time to ten business days after the court declined to (i) grant a motion to join a new lead plaintiff, (ii) certify a new class representative, (iii) certify a class, or (iv) approve the settlement, if a class was certified, whichever date was later.

(3) Class members Kevin Boylan, Stephen Paluszek, and Marc Rapaport ("the New Plaintiffs") then moved to lift the stay in place since the parties had pursued mediation and to intervene so that they could pursue certification as class representatives, class certification, and approval of the settlement. The Defendants opposed intervention as well as class certification and sought confirmation from the court that they could make settlement offers to individual class members. On June 5, 2024, the court granted the New Plaintiffs' motion and declined to consider the Defendants' request.

(4)     On August 10, 2024, the Original Plaintiffs and the New Plaintiffs moved to enforce the settlement stipulation and for issuance of a rule to show cause based on the Defendants' alleged breaches of the settlement stipulation. The Defendants opposed the motion. On October 9, 2024, the court denied the motion in a bench ruling ("Enforcement Ruling").

(5)     On October 21, 2024, the Original Plaintiffs filed an application for certification of an interlocutory appeal from the Adequacy Ruling. The Original Plaintiffs and New Plaintiffs filed an application for certification of an interlocutory appeal from the Enforcement Ruling. The Defendants opposed both applications.

(6)     On November 6, 2024, the Original Plaintiffs filed this interlocutory appeal from the Adequacy Ruling. On November 12, 2024, the Court of Chancery denied both applications for certification.

(7)     In denying certification of the Adequacy Ruling, the Court of Chancery first found that the fact-specific determination concerning whether the Original Plaintiffs were adequacy class representatives was procedural and did not decide a substantive legal right. The court next considered the Rule 42(b)(iii) criteria, focusing on the criteria identified by the Original Plaintiffs as supporting certification. As to Rule 42(b)(iii)(G) (review of the interlocutory order may terminate the litigation), the court rejected the Original Plaintiffs' contention that review of the Adequacy Ruling would terminate the litigation. The court found that

3

it would still have to consider whether the other requirements of class certification had been satisfied, noting that it had questioned numerosity and commonality at the September 7, 2023 hearing. The court would also have to decide whether the settlement was fair, including the release of the defamation action against Marks.

(8) Turning to Rule 42(b)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court acknowledged the risk to innocent class members if the settlement payment and the efficiencies of a class structure were lost. But the court recognized that the Defendants had previously expressed their intent to make the same pro rata settlement offer each class member (except Marks) and concluded that the Original Plaintiffs had not shown that review of the Adequacy Ruling would serve considerations of justice. After the court denied the applications for certification, the Defendants notified the court that they did not presently intend to make a settlement offer to any of the class members.

(9) Initially, we note that that this interlocutory appeal appears to be untimely. Rule 42(d)(i) requires the appellant to file a notice of appeal from an interlocutory order "within 30 days after the entry of the order from which the appeal is sought to be taken."[1] The Court of Chancery ruled that the Original Plaintiffs were inadequate class representatives on September 7, 2023, but the Original

---

[1] Super. Ct. R. 42(d)(i). *See also* Supr. Ct. R. 6(a)(i) (requiring that a notice of appeal be filed within 30 days after entry upon the docket of the judgment or order from which the appeal is taken).

4

Plaintiffs did not file their notice of interlocutory appeal from this ruling until November 6, 2024.

(10) The Original Plaintiffs state in their notice of appeal that no order implementing the Adequacy Ruling was entered, but the Court of Chancery did not direct the parties to submit a form of order for the Adequacy Ruling. In addition, the Original Plaintiffs recognized that September 7, 2023 was the relevant date for purposes of Rule 42 when they moved for enlargement of the ten-day time period to file their application for certification on September 13, 2023.[2] Rule 42 allows the trial court to enlarge the ten-day time period for filing an application for certification, but does not authorize the trial court to extend the thirty-day time period to file an interlocutory appeal in this Court.[3]

(11) Assuming that this interlocutory appeal is timely, the Court will not accept it. Applications for interlocutory review are addressed to the sound discretion

---

[2] *Id.* 42(c)(i) (providing that the application for certification shall be filed in the trial court "within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial in court, in its discretion, may order for good cause shown").

[3] *Id.* 42(d)(i) ("The notice of appeal may be filed at any time after the filing of the application for certification in the trial court, except that it shall be the obligation of appellant to serve and file in this Court a notice of appeal of an interlocutory order within 30 days after the entry of the order from which the appeal is sought to be taken."). *See also San Del Packing Co. v. Garrison*, 1999 WL 591845, at *1 (Del. July 12, 1999) (recognizing that the ten-day time period to file application for certification can be enlarged, but stating that the 30-day time period to appeal "is jurisdictional and may not be enlarged by this Court absent unusual circumstances which are not attributable to the appellant or the appellant's counsel"); *Arvida/JMB Partners, L.P.*, 1997 WL 537284, at *1 (Del. Aug. 19, 1997) ("This thirty day time period [to file an interlocutory appeal] is jurisdictional and may *not* be enlarged by the Court absent unusual circumstances that are not attributable to appellant or appellant's counsel.").

of this Court.[4]  In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  None of the Rule 42(b)(iii) criteria weigh in favor of certification.  Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[5] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[6]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[4] Supr. Ct. R. 42(d)(v).
[5] *Id.* R. 42(b)(ii).
[6] *Id.* R. 42(b)(iiii).